**Danie FINNEY, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. ST–C–82–111.**

United States District Court
W.D. North Carolina,
Statesville Division.

Feb. 17, 1983.

Charles McBrayer Sasser, Legal Services of the Blue Ridge, Boone, N.C., for plaintiff.

Clifford C. Marshall, Asst. U.S. Atty., Asheville, N.C., for defendant.

## ORDER

POTTER, District Judge.

THIS MATTER coming on to be heard and being heard before the undersigned United States District Court Judge for the Western District of North Carolina on the 24th day of January, 1983, at the United States Courthouse in Statesville, North Carolina, on cross-motions for summary judgment, and Plaintiff's motion for remand; and,

Mr. Charles McBrayer Sasser, Attorney at Law, having appeared for the Plaintiff, and Mr. Clifford C. Marshall, Attorney at Law, having appeared for the Defendant; and,

The Court having heard the oral arguments of counsel and reviewed the transcript and Memoranda of Law submitted, and being of the opinion that the findings of fact by the Administrative Law Judge were inadequate to determine whether the Plaintiff is disabled remands to the Secretary for additional evidence, in light of this opinion.

## DISCUSSION

A claimant for disability benefits, bears the burden of proving a disability. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1502; *Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir.1972). An individual is "disabled" under the statute if "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months" the individual is unable "to

engage in substantial gainful activity." 42 U.S.C. § 423(d)(1)(A).

This Court reviews the decision of the Administrative Law Judge for the following determinations:

(1) is the Plaintiff currently engaged in substantial gainful activity;

(2) if not, is there a finding of a severe impairment;

(3) if so, does the impairment meet or equal the "Listings" (20 C.F.R. Part 4, Subpart P, App. 1);

(4) if not, does the impairment or combination of impairments prevent the Plaintiff from performing past relevant work;

(5) if so, what is the Plaintiff's residual functional capacity, taking into consideration the exertional and nonexertional limitations, using the "grids" of 20 C.F.R. Part 4, Subpart P, App. 2, § 200.00, where applicable. *Id.* at § 200.00(d).

In the case at bar, the Plaintiff was not represented by counsel; this adds a preliminary step to the Court's ordinary review:

(1)(A) Did the Administrative Law Judge fulfill his heightened duty to elicit all information necessary to his decision.

*See, Crider v. Secretary of H.E.W.,* 624 F.2d 15 (4th Cir.1980).

It is this preliminary step which causes the Court to remand the above-captioned matter. The Administrative Law Judge failed to find sufficient facts for three of the determinations enumerated above: (2) severe impairment, (3) comparison to the "Listings", and (4) ability to perform past relevant work.

A problem that *Crider* does not address is the situation presented by the case at bar: where a severe intellectual impairment becomes apparent in the course of the proceedings which prevents the Administrative Law Judge from performing his heightened duty of inquiry and assistance.

First, the Court finds that the Administrative Law Judge in this case did not elicit all information possible. He should have ordered:

(1) a Wechsler intelligence test;

(2) a report by the company physician regarding Plaintiff's alleged exertional impairments;

(3) a report from the company as to the exertional requirements of the position which the Plaintiff formerly held.

Second, the Court finds that if the intelligence test alone did not provide an impairment under the "Listings", appointed counsel would have been necessary to develop the record as to her alleged exertional impairment and her residual capacity, since the transcript demonstrates that the Plaintiff was unable to adequately understand the questions posed by the Administrative Law Judge and provide appropriate, clear answers in response to those questions.

Since counsel has been secured on appeal, no appointment of counsel will be ordered on remand.

## I. *Severe Impairment and "Listings"*

The Plaintiff was born on January 11, 1927 [Tr. 26] and has a fourth grade education [Tr. 26]. Her past relevant work was janitorial services performed at Holly Farms [Tr. 27].

A reading of the transcript in this case shows that the Plaintiff was somewhat disorganized and confused in her explanation of her impairments, [Tr. 42] and had difficulty in understanding the documents [Tr. 24], questions [Tr. 49], and the words used by the Administrative Law Judge [Tr. 26]. For this reason, the Administrative Law Judge initiated an impromptu mental competency colloquy [Tr. 42–43] and observed the Plaintiff's obvious difficulty in answering simple questions not related to her impairments. At this point in the Plaintiff's testimony, the Administrative Law Judge was made aware that a full and fair hearing in which the Administrative Law Judge could elicit all necessary information was precluded by the Plaintiff's intellectual handicap. The Administrative Law Judge should have terminated the proceedings,

and ordered a Wechsler Intelligence test, and if that did not resolve the issue of disability, appoint counsel for the Plaintiff. Instead, the Administrative Law Judge rendered a decision on a record that was so inadequate, the only intelligence test administered to the Plaintiff was the Administrative Law Judge's own two-page mental competency colloquy.

On appeal, the Plaintiff has secured counsel and a psychological report has been submitted. The Plaintiff's lowest score on the Wechsler Adult Intelligence Scale was 53. Under 20 C.F.R. Part 4, Subpart P, App. 1, § 12.05(B), an individual whose lowest score on a multiple-score intelligence test is 59 or less is considered disabled.

The psychiatric examination obtained by counsel on appeal must be considered on remand in the determinations of the existence of a severe impairment and the comparison with the "Listings".

II. *Performance of Past Relevant Work*

The Administrative Law Judge concluded that the Plaintiff was able to return to her janitorial work [Tr. 11], although the Plaintiff testified that on two occasions since her knee surgery she had flunked the physical exam administered by the company doctor. [Tr. 53]. The Administrative Law Judge failed to discuss this testimony in his decision. If he discredited her testimony, he should have requested a report from the company doctor to either impeach or support the Plaintiff's testimony.

More disturbing to this Court is the failure of the Administrative Law Judge to elicit any information regarding the physical exertion requirements of her past relevant work. 20 C.F.R. § 404.1567. This is most evident from the text of the Administrative Law Judge's decision in which he states that the Plaintiff

"was responsible for cleaning executive offices, *which we cannot imagine* would require more than light housekeeping, which the Plaintiff presently does for herself at home. Furthermore, *we cannot imagine* that this job would require very much stress."

[Tr. 11, emphasis added].

The "imagination" of an Administrative Law Judge is not listed under "acceptable sources" of evidence in the regulations, and does not constitute "substantial evidence." There is no parity between the occasional housekeeping chores of a single older woman, who lives in a small house with no hobbies or visitors, and the janitorial services performed for a large office complex on a daily basis. Again, the opinion below demonstrates the inability of the Administrative Law Judge to elicit the information necessary to render a decision and the need for appointment of counsel.

On appeal, the Plaintiff has secured counsel, who has obtained a report from the Plaintiff's former supervisor stating that her work required frequent lifting of up to 30 pounds of trash, buckets of water, and occasionally moving furniture. This report must be considered on remand in the determination of the Plaintiff's ability to perform her past relevant work.

■ This Court concludes that the decision of the Administrative Law Judge was not supported by substantial evidence because the Administrative Law Judge failed to elicit the necessary information.

IT IS, THEREFORE, ORDERED that:

(1) The Plaintiff's motion for remand to the Administrative Law Judge is GRANTED;

(2) The cross-motions for summary judgment are DENIED.